UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANNY HAMPTON,<br><br>Defendant. | Case No. 26-mj-70008 NC<br><br>**DETENTION ORDER**<br><br>Hearing: 1/9/2026 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on January 9, 2026, held a detention or release hearing for defendant Danny Hampton. The Court concluded that the Government established a basis to detain the defendant under the Bail statute, as explained further below.

Hampton was arrested in this District after being charged by Indictment in the District of Nebraska with being a felon illegally in possession of firearms (18 U.S.C. § 922(g)(1)). The defendant is presumed innocent of the charge; entered a not guilty plea; and nothing in this order may be construed as evidence of his guilt. Both parties were advised of their right to appeal this decision. Hampton was previously advised of his rights and appeared at the hearing with his appointed counsel, AFPD Jessica Yu.

The parties and the Court were assisted by a pre-bail report and an addendum dated

January 9, 2026, prepared by Pretrial Services. Dkt. No. 11. Pretrial Services initially recommended detention, but then recommended release on a combination of conditions including supervision at his brother's home in Michigan, with his brother proposed to serve as surety and custodian. Defendant's brother was not present at the hearing. The defense proposed a different surety and custodian, to live at a residence in Salinas, California, with Ayesha Murphy, identified in the Pretrial report as his significant other of 4 months.

The parties agreed that there is no presumption of detention arising from the charge or the Defendant's criminal record.

At the hearing, the Court considered and granted leave to file two exhibits presented by the defense: (1) a state appellate decision affirming the dismissal of a felony murder conviction of the defendant; and (2) an article about the felony murder case and a change in California law that resulted in the dismissal and reduced sentence. The Court also considered a proposal by Mr. Hampton himself that he be released on electronic monitoring.

Considering all the factors under the Bail Reform Act, 18 U.S.C. § 3142(g), the Court determined that the Government did not meet its burden to establish by more than a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the accused person (there is no record of international travel and the defendant successfully appeared in Nebraska state court on a recent case); but did establish by more than clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. As to the nature and circumstances of the offense charged, it is a firearms offense involving a stolen firearm and an extended magazine, allegedly possessed at the same time defendant possessed a controlled substance. Defendant was convicted of the controlled substance possession in a separate state case in Nebraska. The seriousness of the nature of the charge in this case is reflected in the factual consequences of Mr. Hampton's earlier case. Illegally possessing a firearm while committing other crimes contributes to violence and degrades community safety. In favor of release to the community, Mr. Hampton has health and mental health issues that need attention and treatment. He also has ties and familial ties to this District;

two proposed sureties; and would benefit from drug testing and treatment.  On the other hand, the Government questioned the appropriateness of the proposed sureties/custodians given their own criminal records and because Ms. Murphy has been in a relationship with Mr. Hampton for only 4 months.  Mr. Hampton has an unstable employment and housing record.  The weight of the evidence is the least significant factor; here the defense contested by proffer some of the facts asserted by the Government.  This factor is neutral.  On balance, given the defendant's criminal history; past history on supervision; conviction of a drug offense for the same time as the current charge; and given the seriousness of the current charge; the Court finds that the Government met its burden in support of detention by more than clear and convincing evidence.

The defendant Hampton is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

The next Court date is January 26, 2026, 3:00 p.m. before the U.S. District Court in Nebraska, Hon. Magistrate Judge Jacqueline DeLuca.  The USMS is ordered to transport Mr. Hampton to Nebraska to proceed with his case in that jurisdiction.

IT IS SO ORDERED.

Date: January 9, 2026

_____
Nathanael M. Cousins
United States Magistrate Judge